IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FILED**
JUN - 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3  ALFRED A. SANDOVAL,                NO. C08-0865
4          PLAINTIFF                  MOTION FOR STAY OF AND PARTIAL
5     VS.                             VACATE OF DISTRICT COURT ORDER
                                      PURSUANT TO RULE 15(a) OF FEDERAL
6  D. BARNEBURG, et.al.,              RULES OF CIVIL PROCEDURE, AND RULE
                                      7-1.2 OF DISTRICT LOCAL RULES
7          DEFENDANTS
8                                     DATE: TO BE SUBMITTED
                                      TIME:
9                                     PLACE:
10
11    PLAINTIFF DOES NOW NOTIFY THIS HONORABLE COURT OF THIS SUBMITTED MOTION TO
12 BE CONSIDERED BY THIS COURT ON THIS DATE: _____ DETERMINED BY THE
13 COURT, AND AT THIS TIME: _____. THIS MOTION IS SUBMITTED PURSUANT TO
14 RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7-1.2, 10 OF THE
15 LOCAL RULES.
16    PLAINTIFF ASSERTS THIS COURT'S DISMISSAL OF PARTIES SHOULD HAVE BEEN WITH
17 LEAVE TO AMEND. AND AS A MATTER OF COURSE ALLOWED PLAINTIFF TO AMEND HIS
18 COMPLAINT PURSUANT TO RULE 15(a), AND ALLOW FOR DISCOVERY PROCESS IN ORDER
19 TO DEVELOPE HIS COMPLAINT BEFORE ORDERING DEFENDANTS TO FILE A DISPOSITIVE
20 MOTION PURSUANT TO RULE 12 OR 56. PLAINTIFF SUBMITS TO THIS COURT FOR ITS
21 VIEWING AN ADEQUATE DESCRIPTION OF HIS CONTEMPLATED REVISION OF COMPLAINT VIA
22 AMENDMENT PURSUANT TO RULE 15(a). IN ORDER TO ESTABLISH COGNIZABLE CLAIMS
23 AS TO DEFENDANTS DISMISSED BY THIS COURT. IN ADDITION, PLAINTIFF WISHES TO ADD
24 PARTIES TO COMPLAINT, ALSO THIS COURT MADE NO DETERMINATION AS TO SEVERAL DEFEN-
25 DANTS IN ORIGINAL COMPLAINT. NAMELY: G. KELLY, C. PARKER, M. McLEAN,
26 J. KRAVITZ, T. DIMMICK, C. GOROSPE AND JOHN DOES 1-4.
27 <u>POINTS AND AUTHORITIES IN SUPPORT OF MOTION</u>
28    A PARTY MAY AMEND A PLEADING WITHOUT LEAVE OF COURT OR CONSENT OF

OPPOSING PARTIES UNDER RULE 15 OF THE RULES OF FEDERAL CIVIL PROCEDURE <u>WASHINGTON VS. NEW YORK CITY BOARD OF ESTIMATE</u> 709 F2d 792, 795 (2nd CIR 1983) CERT. DENIED, 464 U.S. 1013 (1983).   DISMISSING A CLAIM AGAINST DEFENDANTS FOR FAILING TO STATE A COGNIZABLE CLAIM FOR RELIEF, SUCH DISMISSAL WITHOUT LEAVE TO AMEND IS NOT PROPER. <u>SCHNEIDER VS. CALIFORNIA DEPT OF CORRECTIONS</u> 151 F3d 1194 (9TH CIR. 1998). "A PRO SE LITIGANT MUST BE GIVEN LEAVE TO AMEND HIS COMPLAINT UNLESS IT IS 'ABSOLUTELY CLEAR THAT THE DEFICIENCIES OF THE COMPLAINT COULD NOT BE CURED BY AMENDMENT." <u>NOLL VS. CARLSON</u> 809 F2d 1446 (9TH CIR 1987).

ALLOWING THE ADDITION OF OUTSTANDING DEFENDANTS TO A COMPLAINT FOR GOOD CAUSE SHOWN IS PROPER WHEN DEFENDANTS WON'T BE PREJUDICED. <u>STANLEY WORKS VS. SNYDER GENERAL CORP.</u> 781 F.SUPP. 659 (E.D.CAL. 1990), <u>UNITED ROOFERS & ALLIED TRADES NO. 40 VS. INS. CORP. OF AMERICA</u> 919 F2d 1398 (9TH CIR. 1990).

MAKING OUTSTANDING DEFENDANTS A PARTY TO AN ACTION IS PROPER AND THROUGH DISCOVERY WILL PRODUCE EVIDENCE SUPPORTIVE OF PLAINTIFF'S CLAIM. <u>U.S. VS. WAU-SAU INS. COMPANIES</u> 755 F.SUPP. 906 (N.D. CAL. 1991); <u>WILBORN VS. ESCALDERON</u> 789 F.SUPP. 1328 (9TH CIR 1989).

THE BROAD PURPOSE OF THE DISCOVERY PROCEDURE IS TO PERMIT MUTUAL KNOWLEDGE BEFORE TRIAL OF ALL RELEVANT FACTS GATHERED BY BOTH PARTIES SO THAT EITHER PARTY MAY COMPEL THE OTHER TO DISGORGE WHATEVER FACTS ARE IN THEIR POSSESSION. <u>HICKMAN VS. TAYLOR</u> 67 S.CT. 385, 329 U.S. 495, 91 L. ED 451.   THE SPIRIT OF THE FEDERAL RULES REQUIRES THE ALLOWANCE OF DISCOVERY BEFORE TRIAL WHENEVER POSSIBLE. <u>QUEMOS THEATRE CO. VS. WARNER BROS. PICTURES</u> 35 F. SUPP. 949; <u>DIXON VS. SUNSHINE BUS LINES</u> 27 F.SUPP. 797

PLAINTIFF SUBMITS FOR THIS COURTS VIEWING PER RULE 15 (a) REFERENCED PORTIONS OF PROPOSED AMENDED PLEADING AS TO DISMISSED DEFENDANTS:

<u>JAMES TILTON</u>

VIA AMENDED COMPLAINT PLAINTIFF WILL STATE A COGNIZABLE CLAIM THAT JAMES TILTON:

1.) AS DIRECTOR OF CDCR, CONCERNING PELICAN BAY STATE PRISON (PBSP) SECURITY HOUSING UNITS (SHU), WHERE ALLEGED PRISON GANG MEMBERS OR ASSOCIATES ARE ADMINISTRATIVELY SEGREGATED FROM GENERAL POPULATION. HE WAS AWARE OF AND SANCTIONED PBSP OFFICIALS CREATING A "GANG" CORRIDOR.

2.) THAT THE DIRECTOR SANCTIONED THE RUNNING OF THE PBSP-SHU GANG CORRIDOR AS A HIGHER SECURITY THAN THE REST OF PBSP-SHU AND UNDER THE CONTROL OF THE INSTITUTIONAL GANG INVESTIGATION UNIT (I.G.I.)

3.) WAS AWARE OF AND SANCTIONED NEW UNDERGROUND POLICIES CONCERNING MAIL, VISITING, MEDICAL, AND GENERAL DAILY MOVEMENT OF PRISONERS HOUSED IN THE GANG CORRIDOR FOR PURPOSE OF ISOLATING FROM OTHER PBSP-SHU PRISONERS.

<u>ROBERT A. HOREL</u>

VIA AMENDED COMPLAINT PLAINTIFF WILL STATE A COGNIZABLE CLAIM THAT ROBERT A. HOREL:

1. AS WARDEN OF PBSP AND HIS PENOLOGICAL CONCERNS AS TO ITS SAFETY AND SECURITY. WAS AWARE OF AND SANCTIONED THE CREATION OF THE "GANG" CORRIDOR AS HIGHER SECURITY UNITS THAN THE REST OF PBSP-SHU AND UNDER THE CONTROL OF THE I.G.I. UNIT.

2. WAS AWARE AND SANCTIONED NEW UNDERGROUND POLICIES CONCERNING MAIL, VISITING, MEDICAL CARE, AND THE GENERAL DAILY MOVEMENT OF GANG CORRIDOR PRISONERS FOR PURPOSE OF ISOLATING FROM OTHER PBSP-SHU PRISONERS.

3. WAS AWARE OF AND SANCTIONED THE APPLICATION OF THE NEW POLICIES BY THE I.G.I. UNIT STAFF.

4. WAS AWARE OF AND SANCTIONED THE FEBRUARY 21, 2007 SPECIAL OPS TASK FORCE.

5. VIA ADMINISTRATIVE APPEAL CLAIMS WAS AWARE OF THE INADEQUATE MEDICAL ATTENTION/TREATMENT TO PLAINTIFF CONCERNING SERIOUS MEDICAL PROBLEMS.

6. VIA ADMINISTRATIVE APPEAL (602) RESPONSE WAS AWARE THAT PLAINTIFF WAS SUBJECTED TO BIAS AND UNFAIR REVIEWS OF RIGHT TO PETITION THE GOVERNMENT AS TO:

　A. SUBJECTION TO RETALIATORY EXCESSIVE USE OF FORCE FOR FILING GRIEVANCES;
　B. DENIAL OF MAIL IN RETALIATION FOR FILING GRIEVANCES;
　C. DENYING ADEQUATE MEDICAL ATTENTION/TREATMENT FOR SERIOUS MEDICAL PROBLEMS.

C. SCAVETTA

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT C. SCAVETTA:

1. AS ASSOCIATE WARDEN OF PBSP WAS IN CHARGE OF PBSP-SHU AND AWARE OF THE CREATION OF THE "GANG" CORRIDOR

2. AWARE OF AND SANCTIONED THE RUNNING OF THE GANG CORRIDOR AS A HIGHER SECURITY UNITS THAN THE REST OF PBSP-SHU UNDER THE CONTROL OF THE I.G.I. UNIT.

3. WAS AWARE OF AND SANCTIONED NEW UNDERGROUND POLICIES CONCERNING MAIL, VISITING, MEDICAL CARE, AND GENERAL DAILY MOVEMENT OF GANG CORRIDOR PRISONERS FOR PURPOSE OF ISOLATING FROM OTHER PBSP-SHU PRISONERS.

4. WAS AWARE OF AND SANCTIONED THE EXERCISE OF NEW POLICIES BY I.G.I. UNIT.

5. WAS AWARE OF THE FEBRUARY 2, 2007 SPECIAL OPS TASK FORCE AND THE SUBJECTING OF PLAINTIFF TO EXCESSIVE USE OF FORCE.

R. MARQUEZ

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT R. MARQUEZ:

1. AS A CAPTAIN IN THE OFFICE OF CORRECTIONAL SECURITY (O.C.S.) WAS IN CHARGE OF THE FEBRUARY 2, 2007 SPECIAL OPS TASK FORCE AND RESPONSIBLE FOR THE ACTIONS OF SUBORDINATES.

2. WAS AWARE OF AND SANCTIONED C/O REYES' ATTEMPT TO OBTAIN PHOTOS OF PLAINTIFF AND OTHER PRISONERS FOR HIS PERSONAL COLLECTION.

3. WAS AWARE OF I.G.I. STAFF SINGLING OUT PLAINTIFF AND SUBJECTING HIM TO RETALIATORY EXCESSIVE USE OF FORCE

R. PIMENTEL

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT R. PIMENTEL:

1. BETWEEN FEBRUARY 2, 2007 TO DECEMBER 2007 REVIEWED NO LESS THAN (4) 602 GRIEVANCES: PBSP 06-02070, PBSP 07-02389, PBSP 07-01271 AND PBSP 07-01299.

2. WAS AWARE THAT IN 602 NO. 06-02070 I.G.I. STAFF FAILED TO FOLLOW REGULATIONS AND ALLOW PLAINTIFF TO SEND BACK TO A SENDING CORRESPONDANT MAIL ITEMS DISAPPROVED.

1  3. IN REVIEW OF 602 NO. 06-02070 NEGLECTED TO PERSONALLY VIEW MAIL ITEMS DISA-
2  LLOWED BY I.G.I. STAFF AND ACCEPTING I.G.I. ACTION AS VALID AND CORRECT.
3      4. WAS AWARE THAT LT. PEDROSO REVIEWED AT SECOND LEVEL 602 NO. 07-00389,
4  AND CONDUCTED INVESTIGATION INTO RETALIATORY EXCESSIVE USE OF FORCE.
5      5. WAS AWARE THAT SECOND LEVEL 602 REVIEW WAS NOT A NEUTRAL REVIEW.
6      6. WAS AWARE THAT A MEANINGFUL INVESTIGATION INTO EMPLOYEE MISCONDUCT WAS
7  NOT CONDUCTED.
8      7. WAS AWARE THAT THIRD LEVEL 602 REVIEW WAS ABSENT ANY PERSONAL REVIEW OF
9  ALL RELEVANT REPORTS
10     8. WAS AWARE AT TIME OF HIS REVIEW THAT PLAINTIFF HAD A VALID CLAIM OF RETAL-
11 IATION ON I.G.I. STAFF BASED ON PREVIOUSLY FILED 602 GRIEVANCES.
12     9. WAS AWARE THAT SECOND LEVEL REVIEW CONCERNED TWO 602's NO.s 07-01271
13 AND 07-01299, IN PART, ONE RAISES A CLAIM OF MAIL STOLEN AND WITHHELD. THE OTHER,
14 A CLAIM OF PLACING FALSE INFORMATION IN PRISON FILE.
15     10. WAS AWARE BOTH 602 GRIEVANCES CLAIMED RETALIATION AS THE BASIS FOR THE
16 ACTIONS OF I.G.I. STAFF.
17     11. WAS AWARE HE HAD REVIEWED PREVIOUS PLAINTIFF'S 602's RAISING RETALIATION
18 BY I.G.I. STAFF (SUPRA, NO. 06-02070, 07-00389)
19     12. WAS AWARE HIS THIRD LEVEL REVIEW ADDRESSED ONLY 602 NO. 07-01299.
20 J. F. PEDROSO
21 VIA AN AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT J. F. PEDROSO:
22     1. CONDUCTED TWO SEPARATE VIDEO INTERVIEWS WITH PLAINTIFF REGARDING THE
23 SUBJECTION TO EXCESSIVE USE OF FORCE.
24     2. HIS REPORT SUBMITTED REGARDING THE FEBRUARY 2, 2007 EXCESSIVE USE OF
25 FORCE WAS INCOMPLETE.
26     3. CONDUCTED A MARCH 28, 2007 SECOND LEVEL REVIEW NO. 07-00389 ON CLAIM
27 OF EXCESSIVE USE OF FORCE
28     4. WAS AWARE THAT HIS TWO INTERVIEWS WITH PLAINTIFF PRECLUDED HIM FROM

PARTICIPATING AS SECOND LEVEL REVIEWER OF 602 NO. 07-00389.

5. WAS AWARE THAT PARTICIPATING I.G.I. STAFF IN THE FEBRUARY 2, 2007 EXCESSIVE USE OF FORCE HAD PREVIOUSLY BEEN NAMED IN OTHER 602 GRIEVANCES.

R.R. KERSH

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT R.R. KERSH:

1. AS A LT., ON FEBRUARY 2, 2007 PARTICIPATED IN THE SPECIAL OPS TASK FORCE IN A SUPERVISORY CAPACITY.

2. WAS AWARE OF THE EXCESSIVE USE OF FORCE BY I.G.I. STAFF ON PLAINTIFF.

LT. FERGUSON

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT LT. FERGUSON:

1. AS A LT., ON FEBRUARY 2, 2007 PARTICIPATED IN THE SPECIAL OPS TASK FORCE IN A SUPERVISORY CAPACITY.

2. WAS AWARE OF THE EXCESSIVE USE OF FORCE BY I.G.I. STAFF ON PLAINTIFF.

C. HALL

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT C. HALL:

1. FROM JUNE 2007 TO SEPTEMBER 2007 AT THIRD LEVEL REVIEW, REVIEWED NO LESS THAN FOUR 602 GRIEVANCES ON PLAINTIFF'S MEDICAL CLAIMS: PBSP 07-00203; PBSP 07-00131; PBSP 07-00866; AND PBSP 07-00717

2. WAS AWARE THREE OF THE 602 CLAIMS ARE DIRECTED AT FNP S. RISENHOOVER, BUT THAT R.N. J. FLOWERS RESPONDED AT INFORMAL LEVEL INSTEAD OF THE FNP.

3. IN 602 07-00203 WAS AWARE PLAINTIFF HAS BEEN PUT ON A CONTINUOUS REGIMEN OF MEDICATIONS BY FNP S. RISENHOOVER FOR SINUS CONDITION

4. WAS AWARE THAT PLAINTIFF HAD REPEATEDLY REQUESTED AND DENIED TO SEE A SINUS SPECIALIST.

5. WAS AWARE THAT ON FEBRUARY 2, 2007 A CT SCAN BY AN OUTSIDE HOSPITAL REVEALED A SINUS INFECTION

6. IN 602 07-00131 WAS AWARE THAT A REPORT ON A COLONOSCOPY TAKEN WAS INCOMPLETE.

7. WAS AWARE THAT MEDICATIONS PRESCRIBED FOR PLAINTIFF'S CROHNS DISEASE DO NOT WORK, AND THAT REQUESTS FOR SPECIAL DIET HAVE CONSISTENTLY BEEN DENIED.

8. WAS AWARE THAT PLAINTIFF AT FORMAL LEVEL RAISED CLAIMS OF ADA VIOLATIONS AS TO INADEQUATE MEDICAL TREATMENT FOR CROHNS DISEASE.

9. IN THIS THIRD LEVEL REVIEW IT WAS CONDUCTED ABSENT PERSONALLY VIEWING ANY MEDICAL DOCUMENTATION.

10. AS TO 602 NO.s 07-00866 AND 07-00717 WAS AWARE THAT PHYSICAL THERAPY WAS REQUESTED AND DENIED.

11. WAS AWARE THAT ON FEBRUARY 2, 2007 PLAINTIFF SUFFERED INJURIES AS A RESULT OF SUBJECTION TO EXCESSIVE USE OF FORCE.

12. WAS AWARE THAT PLAINTIFF RAISE CLAIM OF MEDICAL STAFF INTENTIONALLY DELETING PORTIONS OF MEDICAL INTERVIEWS.

D. HAWKES

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT D. HAWKES:

1. WAS IN CHARGE OF THE I.G.I. UNIT PRIOR TO AND AT THE TIME OF THE FEBRUARY 2, 2007 SPECIAL OPS TASK FORCE.

2. WAS AWARE THAT THE I.G.I. UNIT EXCLUSIVELY OVERSEES THE MAIL, BOTH INCOMING AND OUTGOING FOR PRISONERS IN THE "GANG" CORRIDOR.

3. CONDUCTED SECOND LEVEL REVIEWS IN TWO 602 GRIEVANCES FILED BY PLAINTIFF AGAINST I.G.I. UNIT FOR DENYING AND LOSING MAIL.

G. PARKER

VIA AMENDED COMPLAINT WILL STATE A COGNIZABLE CLAIM THAT G. PARKER:

1. DURING THE FEBRUARY 2, 2007 SPECIAL OPS TASK FORCE WAS VIDEO TAPING PLAINTIFF'S ENTRANCE INTO THE HOLDING CELLS AREA.

2. WHILE PLAINTIFF WAS BEING ESCORTED OUT OF THE HOLDING CELLS AREA AND PRIOR TO BEING ATTACKED, G. PARKER WAS CONTROLLING A DIGITAL CAMERA

3. WITNESSED THE PHYSICAL ATTACK ON PLAINTIFF BY I.G.I. STAFF.

7.

4. DURING THE PHYSICAL ATTACK DID TAKE PHOTO OF PLAINTIFF.

## CONCLUSION

FOR THE REASONS STATED HEREIN PLAINTIFF PRAYS THIS COURT WILL STAY ITS MAY 7, 2008 COURT ORDER AND VACATE THE DISMISSAL OF NAMED DEFENDANTS. ALLOW PLAINTIFF TO AMEND COMPLAINT AND CONDUCT PROPER DISCOVERY ON ALL DEFENDANTS. VACATE ITS ORDER THAT DEFENDANTS CONDUCT DISPOSITIVE MOTIONS. AND ALLOW FOR OUTSTANDING DEFENDANTS TO BE ADDRESSED BY THIS COURT.

## VERIFICATION

I, ALFRED SANDOVAL HAVE READ THE AFOREMENTIONED AND STATE THE CONTENTS TO BE TRUE AND CORRECT. THIS I DO DECLARE UNDER THE PENALTY OF PERJURY. EXECUTED THIS DAY AT PELICAN BAY STATE PRISON, CRESCENT CITY CALIFORNIA.

DATED: 5/29TH 2008  /s/ Alfred Sandoval

8.