ALFRED A. SANDOVAL
P.O. BOX 7500 D2-105
CRESCENT CITY, CA.
IN FORMA PAUPERIS

FILED
08 JUL -3 PM 1:25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFRED A. SANDOVAL,

    PLAINTIFF

VS.

D. BARNEBURG, et. al.,

    DEFENDANT

NO C08-0865 JSW (PR)

MOTION FOR APPOINTMENT OF COUNSEL WITH DECLARATION AND POINTS AND AUTHORITIES IN SUPPORT OF

PLAINTIFF MOTIONS THIS DISTRICT COURT FOR AN ORDER GRANTING THE APPOINTMENT OF A MEMBER OF THE CALIFORNIA BAR ASSOCIATION TO REPRESENT HIM, OR ASSIGN PLAINTIFF'S CASE TO THE PRO BONO PROJECT. ON THE BASIS THAT AS AN INDIGENT INCARCERATED PRO SE LITIGANT PLAINTIFF'S PRESENT SITUATION ENTERTAINS EXCEPTIONAL CIRCUMSTANCES.

LEGAL AUTHORITY FOR APPOINTMENT OF COUNSEL AND COMPENSATION IS 28 USC SECTION 1915 (e)(1)[1]. AND THIS MOTION IS WITHIN COMPLIANCE OF THE BRADSHAW STANDARD AND IS BASED ON THE FOLLOWING:

1. PLAINTIFF IS INDIGENT AND CANNOT AFFORD TO HIRE AN ATTORNEY. PLAINTIFF'S SOLE SOURCE OF INCOME IS DEPENDANT ON THE GENEROSITY OF FAMILY AND FRIENDS.

2. ON MAY 7, 2008 THIS DISTRICT COURT GRANTED PLAINTIFF IN FORMA PAUPERIS STATUS.

3. PLAINTIFF IS HOUSED IN A SECURITY HOUSING UNIT (SHU) INDEFINATELY AND HIS ONLY MEANS OF CONDUCTING RESEARCH, PREPARATION IN ORDER TO LITIGATE THIS COMPLAINT IS DEPENDANT ON PHYSICAL ACCESS TO SHU LAW LIBRARY OR ITS PAGING SYSTEM.

4. PHYSICAL ACCESS IS AT AVERAGE ONE (2) HOUR VISIT PER MONTH UNLESS THE PRISONER HAS PREFERED LEGAL USER[2] STATUS. AS TO THE PAGING SYSTEM, AT BEST IS ERRATIC AND WITH INADEQUATE RECORD PROCESSING. THE SYSTEM IS DEPENDANT ON PRISON STAFF.

---

1. FORMERLY SECTION (d)
2. P.L.U. IS FOR PRISONERS WITH A PENDING COURT DEADLINE AND ALLOWS FOR PHYSICAL ACCESS TO SHU LAW LIBRARY FOR (2) HOURS EACH WEEK FOR THIRTY (30) DAYS.

5. Plaintiff has a limited education and although he tries to understand the mechanics of law. He has not mastered the complexities of law and to date has been dependant on the help of fellow prisoners. For example currently there are (2) motions before this court written by fellow prisoner. See prisoner M. Zarate's declaration in Exhibit A, proof of services in Exhibit B.

6. Plaintiff has established cognizable claims and this court has ordered service of summons and complaint on named defendants.

7. Plaintiff, via exhibits on record, future declarations from prisoners and documentive evidence obtainable from discovery, he will show a strong likelihood of success on the merits.

8. Plaintiff has contacted several attorneys and law firms in an attempt to secure representation and all communicative responses resulted in refusals to represent plaintiff. See attorney responses in Exhibit C.

## VERIFICATION

I, Alfred Sandoval, plaintiff in the above mentioned complaint do hereby declare I have read the aforementioned contents and do state them to be true and correct. This I do state under the penalty of perjury and the laws of the United of America. Executed this day at Pelican Bay State Prison, Crescent City, Calif.

Dated __June 26__, 2008 /s/ _Alfred Sandoval_

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### EXCEPTIONAL CIRCUMSTANCES EXIST TO WARRANT APPOINTMENT OF COUNSEL

Generally, there is no right to counsel in a civil case <u>Lassiter vs. Dept. of Social Services</u> 101 S.Ct. 2153, 2158 (1981). However, 28 USC Section 1915(e)(1) authorizes a court to appoint counsel in civil actions brought in forma pauperis <u>Wilborn vs. Escalderon</u> 789 F2d 1328

---

1. Formerly 28 USC § 1915(d)

1330-31 (9th Cir. 1986); RAND vs. ROWLAND 113 F.3d 1520 (9th Cir. 1997)

The exceptional circumstances clause of the WILBORN standard requires an evaluation of both:

> (1) "the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved"... Neither of these factors is dispositive and must both be viewed together before reaching a decision on request of counsel under section 1915(e)(1)

As to plaintiff's asserted inability to articulate he brings to this court's attention that via the court's first order dated May 7, 2008. Plaintiff's failure to properly articulate his complaint at this early stage resulted in the dismissing of complaint on no fewer than ten defendants for failing to establish cognizable claims. In addition, with the help of fellow prisoner on May 29, 2008 plaintiff was able to file a motion in response to this court's May 7, 2008 order. For purpose of amending his complaint to correct errors, See exhibits A and B. Again on June 23, 2008 relying on the help from fellow prisoner, plaintiff filed a motion regarding service on three defendants this court ordered served, See Exhibit B.

Plaintiff references the two currently filed motions as examples for this court to acknowledge that plaintiff lacks the knowledge and ability to articulate his complaint in an adequate and understandable manner. It should be noted that this motion for appointment of counsel, plaintiff is relying on help from fellow prisoner.

II.

PLAINTIFF HAS SHOWN ATTEMPTS TO OBTAIN
COUNSEL REPRESENTATION ON HIS OWN

The Ninth Circuit Court of Appeals has held that in claims of employment discrimination pursuant to 42 USC §2000e-5(f)(1)(B) plaintiffs are required to show a "reasonably diligent effort" to secure counsel as a prerequisite to obtaining court appointed counsel BRADSHAW vs. ZOOLOGICAL SOCIETY OF SAN DIEGO 662 F.2d 1301, 1319 (9th Cir. 1981). The Ninth Circuit has extended the BRADSHAW standard

1  TO § 1915(e)(1) REQUESTS, REQUIRING THAT INDIGENT PLAINTIFFS MAKE A "REASONABLY DILI-
2  GENT EFFORT" TO SECURE COUNSEL AS A PREREQUISITE TO THE COURTS APPOINTING COUNSEL.
3  AND NUMEROUS COURTS HAVE ADOPTED SIMILAR REQUIREMENTS. JACKSON VS. COUNTY OF MCLEAN
4  953 F2d 1070, 1073 (7TH CIR. 1992); HENRY VS. CITY OF DETROIT MANPOWER DEPT. 474 U.S. 1036 (1985);
5  NELSON VS. REDFIELD LITHOGRAPH PRINTING 728 F2d 1003, 1005 (8TH CIR. 1984).

6  ADDITIONALLY, PLAINTIFF ASSERTS THE LANGUAGE OF § 1915(e)(1) BY ITS OWN TERMS —
7  "UNABLE TO EMPLOY COUNSEL" — DEMANDS THAT A PLAINTIFF BE BOTH FINANCIALLY UNABLE
8  AND UNSUCCESSFUL IN ATTEMPTS TO EMPLOY COUNSEL.

9  PLAINTIFF ASSERTS THERE IS NO DISPUTE THAT HE LACKS THE FINANCES TO RETAIN COUNSEL
10 ON HIS BEHALF. AND PRESENTS FOR THIS COURTS VIEWING RESPONSES FROM NO FEWER THAN
11 SIX ATTORNEYS/LAW FIRMS REGARDING REQUESTS BY PLAINTIFF FOR REPRESENTATION. SEE
12 RESPONSES IN EXHIBIT C.

## CONCLUSION

15 PLAINTIFF ASSERTS THAT HE HAS PRESENTED TO THIS DISTRICT COURT A CLEAR VIEW THAT
16 HE HAS NOT ONLY SATISFIED THE TWO PRONG REQUIREMENTS OF THE WILBORN STANDARD
17 AS TO THE EXCEPTIONAL CIRCUMSTANCES CLAUSE. BUT HAS ALSO SATISFIED THE "REAS-
18 ONABLY DILIGENT EFFORT" CLAUSE OF THE BRADSHAW STANDARD. AND IN SATISFYING
19 THE TWO PREREQUISITE STANDARDS FOR A COURT APPOINTMENT OF COUNSEL. PLAINTIFF DOES
20 PRAY THAT THIS DISTRICT COURT APPOINT COUNSEL TO REPRESENT PLAINTIFF.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

# EXHIBIT A

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5, 20 U.S.C. section 1746)

I, ALFRED SANDOVAL, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the 26 day of JUNE, in the year of 20 08, I served the following documents: (set forth the exact title of documents served)

MOTION FOR APPOINTMENT of COUNSEL

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

Ca. Attorney General
455 Golden Gate Ave.
Suite 11000
San Francisco, Ca. 94102-3661

I declare under penalty of perjury that the foregoing is true and correct.

ted this 26 day of JUNE, 20 08.

_Alfred Sandoval_
(Declarant Signature)