1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFRED A. SANDOVAL,

   Plaintiff,

  v.

D. BARNEBURG, et al.,

   Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 08-0865 JSW (PR)

**ORDER OF DISMISSAL**

(Docket Nos. 58, 60)

## INTRODUCTION

  Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C § 1983 against 21 individual Defendants.  On May 7, 2008, after reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court found that it stated cognizable claims against 11 Defendants but not against the other 10.  On July 30, 2008, Plaintiff filed his first amended complaint, naming 31 Defendants.  On March 30, 2009, the Court found that the first amended complaint stated cognizable claims against 12 new Defendants, and dismissed the claims against the other new Defendants.  On May 29, 2009, the served Defendants moved to dismiss.  The motion was granted, but Plaintiff was given further leave to amend.  Plaintiff filed a timely second amended complaint.

## DISCUSSION

  The first amended complaint was dismissed because it set forth a series of claims and Defendants who were not properly joined under Rules 18 and 20 of the Federal

Rules of Civil Procedure.  Rule 18 provides, "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  F. R. Civ. Pro 18(a).  Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a).  The first amended complaint asserted claims against numerous Defendants regarding the use of excessive force, retaliation, creation of a "gang corridor," interference with mail, as well as deliberate indifference to serious medical needs.  Because the allegations in the first amended complaint indicated that these claims did not arise out of the same transaction, occurrence or series of occurrences, and Plaintiff had not alleged a common question of law or fact as to all Defendants, the Court found the claims and Defendants improperly joined.  There was, furthermore, no way to discern what claims Plaintiff would want to drop or keep, *see* Fed. R. Civ. P. 21, and therefore the first amended complaint was dismissed with leave for Plaintiff to further amend to include only those claims and defendants that are properly joined under Rules 18 and 20.

Plaintiff's second amended complaint repeats the same unrelated claims that were in the first amended complaint.  Once again, Plaintiff raises claims of excessive force, retaliation, interference with mail, improper creation of a "gang corridor," improper denial of administrative grievances, and insufficient medical care, claims that arise out of unrelated transactions and occurrences.  Plaintiff was instructed that if wanted to continue to pursue unrelated claims, he must do so by raising them in separate complaints filed in separate actions.  He has ignored that instruction.

The second amended complaint also has not cured two other deficiencies that he was instructed to cure in order to proceed.  He was instructed to refrain from repeatedly

2

discussing how unidentified "Defendants" have injured him, as he has done in the first amended complaint, but rather to identify which actions of each individual Defendant violated his rights with regard to each of his stated claims. Plaintiff has not done so. In the portion of the second amended complaint listing his claims, he continues to state that unidentified "Defendants" generally are liable with respect to each asserted violation.

Plaintiff was instructed that the failure to correct the deficiencies in his first amended complaint would result in the dismissal of this action. Moreover, as Plaintiff has had a number of prior opportunities to amend and has been unable cure the deficiencies of his prior complaints, further leave to amend will not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is DISMISSED without prejudice to Plaintiff filing his unrelated claims in separate complaints in new cases.

Defendants' motion to review the second amended complaint (docket number 60) is GRANTED. Plaintiff's motion for an extension of time in which to file the second amended complaint (docket number 58) is GRANTED.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED:  November 8, 2010

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALFRED ARTHUR SANDOVAL,

          Plaintiff,

  v.

JAMES TILTON et al,

          Defendant.

_____/

Case Number: CV08-00865 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfred Arthur Sandoval D61000
Pelican Bay State Prison
D2-105
P.O.Box 7500
Crescent City, CA 95532

Dated: November 8, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk